Interbar Fabricators LLC v C.B. Contr. Corp.

2026 NY Slip Op 02201

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Interbar Fabricators LLC, Plaintiff,

v

C.B. Contracting Corp., Defendant-Respondent, Liberty Mutual Insurance Company, et al., Defendants.

C.B. Contracting Corp., Third-Party Plaintiff-Respondent,

E.E. Cruz & Company, Inc., Third-Party Defendant-Appellant, New York Convention Center Development Corp., et al., Third-Party Defendants.

Decided and Entered: April 14, 2026

Index No. 655852/21|Appeal No. 6358-6359|Case No. 2024-06381, 2025-01853|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Peckar & Abramson, P.C., New York (Christopher M. Bletsch of counsel), for appellant.

Nossaman LLP, New York (Joshua M. Deal of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 24, 2025, to the extent appealed from as limited by the briefs, awarding defendant/third-party plaintiff C.B. Contracting Corp. (CBC) the total sum of $1,489,769.35 against third-party defendant E.E. Cruz & Company, Inc. (Cruz), and bringing up for review an order, same court and Justice, entered on or about September 27, 2024, which, inter alia, granted CBC's motion for partial summary judgment on its first cause of action for breach of contract against Cruz, and dismissed Cruz's sole counterclaim, also for breach of contract, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal by defendants Liberty Mutual Insurance Company, Travelers Casualty and Surety Company of America, Fidelity and Deposit Company of Maryland/Zurich American Insurance Company, Federal Insurance Company, The Continental Insurance Company, Berkshire Hathaway Specialty Insurance Company, and American Home Assurance Company from aforesaid judgment, unanimously dismissed, without costs, as abandoned.

The court properly concluded that CBC demonstrated prima facie that it was entitled to be paid for 8,876,853 pounds of rebar based on the shipment report by invoice and the testimony of CBC's president, general foreman, plaintiff's former vice president of operations, and Cruz's senior project manager that CBC never installed rebar without authorization and always with approved shop drawings. Cruz failed to present evidence that raised a triable issue of fact as the summary of the takeoffs it submitted did not include the underlying records, and that chart reflected a discrepancy between Cruz's computations and those of Turner Construction Company Joint Venture (JV), the contractor hired to design and construct the new building. Moreover, the settlement amount agreed on by JV and Cruz in connection with their dispute does not bind CBC or necessarily reflect the actual amounts of rebar delivered and installed by CBC.

Nor did Cruz present evidence that raised an issue of fact concerning whether any rebar that was delivered was not installed. The testimony of their project manager about rebar waste was vague and insufficient to raise a triable issue of fact and Cruz admitted that it could not determine the amount of rebar waste.

[*2]

The court also correctly concluded that the shipment records provided by CBC were admissible as CBC's president testified that they were made in the regular course of business, reflected a routine, regularly conducted business activity, and were relied on in the performance of the business (see People v Cratsley, 86 NY2d 81, 89 [1995]). Plaintiff's former vice president of operations also laid a foundation for the records, which plaintiff produced in discovery. Material produced by a party in response to a discovery demand that was created by the producing party is presumed authentic when offered into evidence by an adverse party (CPLR 4540-a). The fact that the reports were summaries or account balances did not affect their admissibility (see generally Ed Guth Realty v Gingold, 34 NY2d 440, 446 [1974]).

Cruz contends that CBC was required to provide both shop drawings and as-built drawings under §§ 2, 5.6, and 6.2.3 of its contract with CBC, and it failed to do so. However, none of these provisions mandate the preparation of as-built drawings. Cruz' senior project manager testified that approved shop drawings were utilized for installation of the rebar, and, according to the senior project manager, in the settlement discussions with JV Cruz asserted that the shop drawings were equivalent to as-built drawings.

Moreover, Cruz was not entitled to withhold the retainage as § 4.3 of the subcontract was an unenforceable pay-if-paid provision (see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 153 [1995]; Bank of Am., N. A. v ASD Gem Realty LLC, 205 AD3d 1, 6 n3 [1st Dept 2022]). By its terms, § 4.3 stated that payment by JV was a "condition precedent" to Cruz's payment of CBC. Moreover, even if the provision is viewed as an acceptable pay-when-paid clause, which is a timing mechanism, the significant delay in payment rendered it unenforceable (Gem Realty, 205 AD3d at 6 n 3).

We have considered Cruz' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026